IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEIDRA A. LINTZ,

        Plaintiff,                    No. CIV S-09-1907 GEB DAD PS

        v.

JOHN E. POTTER, Postmaster
General, United States Postal Service,    ORDER

        Defendant.

_____/

        Plaintiff is proceeding pro se and in forma pauperis on claims of employment discrimination based on sex, religion, age, physical and mental disabilities, and retaliation. The day after filing her initial complaint, plaintiff moved to amend the pleading to allege that the EEOC issued a final decision dated April 8, 2009, denying her claims. The motion was granted pursuant to the Federal Rule of Civil Procedure 15(a). Plaintiff filed a timely amended complaint on August 31, 2009, but on September 1, 2009 moved to revise and supplement the pleading by adding and inserting various pages.

        Plaintiff's original complaint was slightly more than one page in length, and no exhibits were attached thereto. Plaintiff alleged that the defendant discriminated against her when he terminated her health benefits, demanded that she pay certain health benefit premiums, issued a letter of separation due to disability, denied pay increases that were due her, and failed to

1

initiate a discussion about accommodating her physical and mental disabilities. Plaintiff requested to be made whole. Plaintiff did not allege any details regarding her claims or her exhaustion of administrative remedies.

The amended complaint now before the court is sixteen pages long but does not include a prayer for relief. Plaintiff alleges the same four claims identified in the initial complaint and adds that she received notice of the termination of her health benefits on July 3, 2008; received the demand for payment of health benefit premiums on August 13, 2008; received notice of separation due to disability on November 14, 2008; and became aware of the denial of a pay increase on November 19, 2008. On the final page of the amended complaint, plaintiff states that "Complainant withdraw complainant [sic] regarding pay increase." Plaintiff has not included allegations concerning the issuance of a right-to-sue letter, and no such letter appears to be included in the almost eighty pages of exhibits attached to the amended complaint.[1]

Plaintiff is informed that every federal complaint must, at a bare minimum, include (1) a short and plain statement of the grounds for the court's jurisdiction, (2) a short and plain statement of claims alleged in sufficient detail to demonstrate plausible claims on which the court may grant relief, and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). In light of the confusion over the claims plaintiff intends to litigate, the absence of a demand for relief, and the omission of facts concerning plaintiff's right-to-sue letter, the court will dismiss the first amended complaint with leave to file a second amended complaint in which plaintiff alleges the claims on which she intends to proceed, the facts regarding the right-to-sue letter on those claims, and the relief plaintiff seeks. Background information should be brief, and documentation should not be attached, except for copies of plaintiff's right-to-sue letter and any final agency decision pertaining to the claims at issue in this action.

---

[1] Plaintiff appears to believe that the federal district court, sitting as an appellate court, will review the administrative findings of fact and conclusions of the agency that investigated her claims of employment discrimination. Plaintiff is mistaken in that regard. Rather, the district court considers de novo the claims alleged by the plaintiff in her civil complaint.

The court reminds plaintiff that every amended pleading must comply with the requirement of Local Rule 15-220 that every amended pleading "shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading." Plaintiff should take care that her second amended complaint is complete before she submits it to the Clerk of the Court for filing. The court will not entertain a request to supplement the second amended complaint by inserting omitted pages or replacing pages that contain errors.

IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with leave to file a second amended complaint; and

3. Plaintiff is granted thirty days from the date of this order to file a second amended complaint that complies with the requirements of this order, Federal Rule of Civil Procedure 8, and Local Rule 15-220. The pleading shall be titled "Second Amended Complaint," and the caption shall include the case number assigned to this case. Failure to file a timely second amended complaint that complies with this order and the applicable rules will result in a recommendation that this action be dismissed.

DATED: November 9, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.pro se\lintz1907.ac.dism.lta