IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIEDRA A. LINTZ,

        Plaintiff,           No. 2:09-cv-01907 GEB KJN PS

    v.

JOHN E. POTTER, POSTMASTER
GENERAL, UNITED STATES POSTAL
SERVICE,

        Defendant.        <u>STATUS (PRETRIAL SCHEDULING) ORDER</u>

_____/

        READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

////

////

////

////

1

1    Although a status (pretrial scheduling) conference in this matter was set for

2    October 14, 2010, the undersigned submitted the matter without appearances after concluding

3    that such appearances were not necessary for the issuance of a scheduling order.[1]  (See Dkt.

4    No. 29.)  In consideration of the parties' Joint Status Report filed on October 7, 2010 (Dkt.

5    No. 28), the court enters the following scheduling order:

6    NATURE OF CASE

7    Plaintiff is a former employee of the United States Postal Service ("USPS"), who

8    has sued the Postmaster General seeking damages and injunctive relief on claims related to her

9    employment with, and termination by, USPS.  The court previously granted defendant's motion

10   to dismiss plaintiff's Second Amended Complaint without prejudice, and plaintiff filed a Third

11   Amended Complaint.  (Dkt. Nos. 21, 22.)  Defendant filed an answer to the Third Amended

12   Complaint.  (Dkt. No. 23.)

13   SERVICE OF PROCESS

14   The parties agree that service of process is complete.  As noted above, defendant

15   filed an answer to plaintiff's Third Amended Complaint.

16   JOINDER OF PARTIES/AMENDMENTS

17   No further joinder of parties or amendments to pleadings will be permitted except

18   with leave of court and upon a showing of good cause.

19   JURISDICTION/VENUE

20   The parties dispute whether this court has jurisdiction to hear plaintiff's claims.

21   Although plaintiff alleges that subject matter jurisdiction is proper under 28 U.S.C. § 1331,

22   defendant disagrees.  The undersigned finds that, at this point in the proceedings, jurisdiction is

23   proper because plaintiff's claims are based, at least in part, on alleged violations of federal

24   statutes.  See 28 U.S.C. § 1331.  The partes do not dispute that venue is proper, and the

25

26       [1]  This action proceeds before the undersigned pursuant to Eastern District of California
Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  undersigned finds that venue is proper.  See 28 U.S.C. §§ 1391(b), 1402.

2  MOTION HEARING SCHEDULES

3          All law and motion, except as to discovery-related matters, shall be completed by

4  November 3, 2011.  The word "completed" in this context means that all law and motion matters

5  must be heard by the above date.  Counsel (and/or pro se parties)[2] are cautioned to refer to the

6  court's Local Rules regarding the requirements for noticing such motions on the court's regularly

7  scheduled law and motion calendar.  This paragraph does not preclude motions for continuances,

8  temporary restraining orders or other emergency applications, and is subject to any special

9  scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

10         The parties should keep in mind that the purpose of law and motion is to narrow

11  and refine the legal issues raised by the case and to dispose of by pretrial motion those issues that

12  are susceptible to resolution without trial.  To accomplish that purpose, the parties need to

13  identify and fully research the issues presented by the case, and then examine those issues in light

14  of the evidence obtained through discovery.  If it appears to counsel after examining the legal

15  issues and facts that an issue can be resolved by pretrial motion, counsel are to file the

16  appropriate motion consistent with the law and motion cutoff set forth above.

17         ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY

18  PRETRIAL MOTION.  Counsel are reminded that motions in limine are procedural devices

19  designed to address the admissibility of evidence.  COUNSEL ARE CAUTIONED THAT THE

20  COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED

21  UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

22  DISCOVERY

23         All discovery shall be *completed* by September 16, 2011.  The word "completed"

24  means that all discovery shall have been conducted so that all depositions have been taken and

25
26      [2]  Any reference to "counsel" in this order includes parties appearing without counsel,
    otherwise referred to as appearing in propria persona or pro se.

3

any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the parties have complied with the order.  Motions to compel discovery must be noticed on the undersigned's law and motion calendar in accordance with the Local Rules and must be heard not later than August 18, 2011.

Initial disclosures shall be completed by December 3, 2010.

EXPERT DISCLOSURE

The parties are to designate in writing and file with the court, and serve upon all other parties, the names of all experts they propose to tender at trial, pursuant to the following schedule.  Plaintiff's initial expert disclosures shall be made on or before May 6, 2011.  Defendant's initial expert disclosures and rebuttal expert disclosures, if any, shall be made on or before June 7, 2011.  Plaintiff's rebuttal expert disclosures, if any, shall be made on or before July 8, 2011.

An expert witness not appearing on such lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition.  Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" and "Rule 26" experts.  Both types of experts shall be listed.  Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case.  Another term for their opinions are "historical opinions."  Percipient experts are experts who, unless also designated as Rule 26 experts, are limited to testifying to their historical opinions and the reasons for them.  That is, they may be asked to testify about their opinions given in the past and the whys and wherefores

4

1  concerning the development of those opinions.  However, they may not be asked to render a

2  current opinion for the purposes of the litigation.

3         Rule 26 experts, who may also be percipient experts, shall be specifically

4  designated by a party to be a testifying expert for the purposes of the litigation.  A Rule 26 expert

5  may express opinions formed for the purposes of the litigation.  A party designating a Rule 26

6  expert will have acquired the express permission of the witness to be so listed.

7         The parties shall comply with the information disclosure provisions of Federal

8  Rule of Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a Rule

9  26 expert.  This information is due at the time of designation.  Failure to supply the required

10  information may result in the Rule 26 expert being stricken.  All Rule 26 experts are to be fully

11  prepared to render an informed opinion at the time of *designation* so that they may fully

12  participate in any deposition taken by the opposing party.  Rule 26 experts will not be permitted

13  to testify at trial as to any information gathered or evaluated, or opinion formed, which should

14  have been reasonably available at the time of designation.  The court will closely scrutinize for

15  discovery abuse opinions offered at deposition that differ markedly in nature and/or in bases from

16  those expressed in the mandatory information disclosure.

17  FINAL PRETRIAL CONFERENCE

18         The final pretrial conference is set before United States District Judge Garland E.

19  Burrell, Jr. on January 9, 2012, at 3:30 p.m., in Courtroom No. 10.  Counsel are cautioned that

20  counsel appearing at the pretrial conference will in fact try the matter.  Counsel for all parties are

21  to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to

22  be accomplished except production of witnesses for oral testimony.  Counsel are referred to

23  Local Rules 281 and 282 relating to pretrial statements and conferences.  A FAILURE TO

24  COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

25         Notwithstanding Local Rule 281, the parties shall submit a *joint pretrial statement*

26  not later than fourteen (14) days prior to the pretrial conference.  The joint pretrial statement shall

1  conform with the requirements of Local Rule 281(b).  The undisputed facts and disputed factual

2  issues shall be set forth in two separate sections.  The parties should identify those facts which

3  are relevant to each separate cause of action.  In this regard, the parties are to number each

4  individual fact or factual issues.  Where the parties are unable to agree as to what factual issues

5  are properly before the court for trial, they should nevertheless list in the section on "DISPUTED

6  FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the

7  controversy concerning each issue.  The parties should keep in mind that, in general, each fact

8  should relate or correspond to an element of the relevant cause of action.  The parties should also

9  keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all

10  parties about the precise *issues* that will be litigated at trial.  *The court is not interested in a*

11  *listing of all evidentiary facts underlying the issues that are in dispute.*[3]  The joint statement of

12  undisputed facts and disputed factual issues is to be filed with the court concurrently with the

13  filing of the joint pretrial statement.

14  Pursuant to Local Rule 281(b), the parties are required to provide with their

15  pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter

16  for what purpose.  These lists shall *not* be contained in the pretrial statement itself, but shall be

17  attached as separate documents to be used as addenda to the final pretrial order.  Plaintiff's

18  exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.  The

19  pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial

20  not listed in the pretrial order.  Counsel are cautioned that the standard will be strictly applied.

21  On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be

22  viewed as an abuse of the court's processes.

23  Counsel (and pro se parties) are reminded that, pursuant to Federal Rule of Civil

24  Procedure 16, it will be their duty at the pretrial conference to aid the court in: (a) formulation

25  

26  [3]  However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

6

1  and simplification of issues and the elimination of meritless claims or defenses; (b) settling of

2  facts that should be properly admitted; and (c) avoidance of unnecessary proof and cumulative

3  evidence.  The parties must prepare their joint pretrial statement and participate in good faith at

4  the pretrial conference with these aims in mind.  A FAILURE TO DO SO MAY RESULT IN

5  THE IMPOSITION OF SANCTIONS, which may include monetary sanctions, orders precluding

6  proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

7  <u>TRIAL SETTING</u>

8          A jury trial is set to commence before Judge Burrell on March 20, 2012, at 9:00

9  a.m., in Courtroom No. 10.  The parties estimate that the trial will take eight to ten days to

10  complete.

11  <u>SETTLEMENT CONFERENCE</u>

12          The parties' Joint Status Reports states that "[t]he parties do not believe that a

13  settlement conference should be scheduled at this time."  The parties have indicated, however,

14  that if a settlement conference is scheduled, the parties would stipulate to the undersigned acting

15  as the settlement judge and would waive of any disqualifications by virtue of the undersigned

16  acting as the settlement judge.  Notwithstanding the parties' stipulation to the undersigned acting

17  as the settlement judge, and the related waivers of disqualification, the parties shall conduct any

18  settlement conference before a judge or magistrate judge other than the undersigned.

19          The parties are directed to contact the assigned magistrate judge's courtroom

20  deputy when they jointly want to schedule a settlement conference.  The parties shall file

21  settlement conference statements, drafted in conformity with Local Rule 270, no later than seven

22  days before the settlement conference.

23  <u>MISCELLANEOUS PROVISIONS</u>

24          The parties are reminded that pursuant to Fed. R. Civ. P. 16(b)(4), this order shall

25  not be modified except by leave of court upon a showing of good cause.  Counsel are cautioned

26  that changes to any of the scheduled dates will necessarily result in changes to all other dates.

1  Thus, even where good cause has been shown, the court will not grant a request to change the

2  discovery cutoff date without modifying the pretrial and trial dates.

3               Agreement by the parties pursuant to stipulation does not constitute good cause.

4  Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances,

5  constitute good cause.

6  SUMMARY OF ORDER

7             THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

8            1.     Initial disclosures shall be completed on or before December 3, 2010, and

9  the parties must "complete" discovery by September 16, 2011, as described above.  Motions to

10 compel discovery are to be noticed for hearing no later than August 18, 2011, as more

11 specifically described in this order.

12           2.     As described more specifically above, plaintiff's initial expert disclosures

13 shall be made on or before May 6, 2011.  Defendant's initial expert disclosures and rebuttal

14 expert disclosures shall be made on or before June 7, 2011.  Plaintiff's rebuttal expert disclosures

15 shall be made on or before July 8, 2011.

16           3.     All pretrial motions, except motions to compel discovery, shall be

17 "completed" as described herein on or before November 3, 2011.

18           4.     The final pretrial conference is set before Judge Burrell on January 9,

19 2012, at 3:30 p.m., in Courtroom No. 10.  A joint pretrial statement shall be filed in accordance

20 with Local Rules 281 and 282, and the requirements set forth herein.

21           5.     A jury trial is set to commence before Judge Burrell on March 20, 2012, at

22 9:00 a.m., in Courtroom No. 10.

23           IT IS SO ORDERED.

24 DATED:  October 13, 2010

25 _____

26 KENDALL J. NEWMAN
   UNITED STATES MAGISTRATE JUDGE