IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEIDRA A. LINTZ,

        Plaintiff,               No. 2:09-cv-01907 GEB KJN PS

     v.

JOHN E. POTTER, Postmaster General,
U.S. Postal Service,

        Defendant.        <u>ORDER</u>
_____/

       Presently before the court is an ex parte motion filed by defendant on August 30,
2011, which seeks to continue the hearing on plaintiff's motion to compel discovery from
September 8, 2011, to September 29, 2011.[1]  (Def.'s Ex Parte Mot. to Continue, Dkt. No. 39,
Doc. No. 39-1.)  Defendants counsel declares that: (1) she will be in China Lake, California from
September 6, 2011, through September 9, 2011, in connection with another case; (2) no other
attorneys in her office can adequately represent defendant at the hearing; and (3) she will be out-
of-state from September 14, 2011, through September 23, 2011.  (Gordon Decl. ¶¶ 4-5, 8, Dkt.
No. 39, Doc. No. 39-2.)

       The undersigned grants defendant's motion in part, and denies it in part.  The

_____

[1]  This action proceeds before the undersigned pursuant to Eastern District of California
Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1   September 8, 2011 hearing on plaintiff's motion to compel is continued to September 22, 2011.

2   The parties shall file a joint statement re discovery disagreement pursuant to Local Rule 251 *no*

3   *later than September 15, 2011*.  Because this continuance places the hearing on plaintiff's

4   discovery-related motion outside of the September 16, 2011 discovery completion deadline (see

5   Status (Pretrial Scheduling) Order at 3-4, Oct. 13, 2010, Dkt. No. 30), the undersigned sua sponte

6   modifies the scheduling order in this case and sets a new discovery completion deadline of

7   September 30, 2011.  This modification is for the limited purpose of resolving plaintiff's pending

8   motion to compel, and all other scheduled deadlines shall remain the same.

9           On October 13, 2010, the undersigned entered a Status (Pretrial Scheduling)

10  Order.  That scheduling order requires that all discovery be "completed" no later than September

11  16, 2011, and the term "'completed' means that all discovery shall have been conducted so that

12  all depositions have been taken and any disputes relative to discovery shall have been resolved by

13  appropriate order if necessary and, where discovery has been ordered, the parties have complied

14  with the order." (Status (Pretrial Scheduling) Order at 3-4.)  The scheduling order further

15  provides that all motions other than discovery motions be heard no later than November 3, 2011.

16  (Id. at 3.)  The final pretrial conference is scheduled to take place before the district judge

17  assigned to this case on January 9, 2012, and a trial in this matter is scheduled to commence on

18  March 20, 2012.  (Id. at 5, 6.)

19          On August 9, 2011, plaintiff filed a motion to compel, which asserts that

20  defendant failed to respond to discovery for months, waived all of its objections to the discovery

21  propounded by plaintiff, and failed to provide any responsive materials to plaintiff.  (See Mot. to

22  Compel, Dkt. No. 36.)  Plaintiff failed to notice her motion to compel for a hearing date.

23  However, plaintiff filed an ex parte application for an order shortening time, which noted

24  plaintiff's desire for an August 18, 2011 hearing date and the court's unavailability on August

25  18th; plaintiff did not propose an alternative, proposed hearing date.  (Pl.'s Ex Parte Application,

26  Aug. 9, 2011, Dkt. No. 37.)  Rather than order plaintiff to re-notice or clarify the motion, and in

2

light of the impending discovery completion deadline, the undersigned set plaintiff's motion to compel for a hearing date of September 8, 2011, and denied plaintiff's ex parte application as moot. (Minute Order, Aug. 16, 2011.)

Although the court noticed the hearing date in a minute order entered on August 16, 2011, it appears from review of the court's docket that for some unascertainable reason the court did not serve the pro se plaintiff with the minute order by mail until August 26, 2011. Defendant's counsel declares that she contacted plaintiff regarding the hearing date set by the court, the late-issued minute order, and defendant's counsel's unavailability on September 8, 2011. (Gordon Decl. ¶ 6.) According to defendant's counsel, plaintiff refused to stipulate to a continuance of the hearing date until she had received and reviewed a copy of the minute order from the court, and also refused to receive a copy of the minute order from defendant's counsel via facsimile.[2] (Id.)

The undersigned concludes that good cause supports continuing the September 8, 2011 hearing on plaintiff's motion to compel. Ordinarily, the undersigned would require that another attorney in defendant's counsel's office attend the hearing. However, good cause supports a continuance because plaintiff received notice of the hearing date ten days after the hearing date was set and, as a result, it is highly unlikely that the parties have had sufficient time to discuss and prepare the joint statement re discovery disagreement that must be filed on or before September 1, 2011.

Nevertheless, good cause only supports a limited extension of the hearing date in light of the need to efficiently move this case forward. Accordingly, the undersigned continues the hearing on plaintiff's motion to compel to September 22, 2011. Although defendant's counsel represents that she will be out of town from September 14, 2011, through September 23, 2011, the parties may nonetheless meet and confer and prepare joint statement re discovery

---

[2] Defendant's counsel's declaration makes the showing regarding the necessity for ex parte relief required by Local Rule 144(c).

1  disagreement.  Additionally, the undersigned will permit defendant's counsel to appear at the

2  hearing via telephone.  Alternatively, this continuance provides defendant's counsel with

3  sufficient time to brief another attorney in her office regarding what appears to be a relatively

4  straightforward motion to compel.

5          The continuance granted herein necessarily places the hearing on defendant's

6  discovery-related motion outside of the September 16, 2011 discovery completion deadline, and

7  defendant did not file a motion to continue that deadline with its ex parte motion.  In any event,

8  the undersigned finds that good cause supports a limited continuance of the discovery completion

9  deadline to September 30, 2011, and the deadline is continued *for the sole purpose of resolving*

10  *plaintiff's pending motion to compel*.  The undersigned will not consider any other discovery-

11  related motions during or after the extended discovery completion period absent a motion to

12  further modify the scheduling order that is supported by good cause.  See Fed. R. Civ. P.

13  16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992).  No

14  other deadlines provided in the Status (Pretrial Scheduling) Order are modified by this order, and

15  no motion to modify the scheduling order will be granted in the absence of good cause.

16          For the foregoing reasons, IT IS HEREBY ORDERED that:

17          1.      Defendant's ex parte motion to continue the hearing on plaintiff's motion

18  to compel discovery (Dkt. No. 39) is granted in part and denied in part.

19          2.      The hearing on plaintiff's motion to compel (Dkt. No. 36) is continued

20  from September 8, 2011, to Thursday, September 22, 2011, at 10:00 a.m. in Courtroom 25.

21          3.      Defendant's counsel may appear by telephone at the hearing.  If

22  defendant's counsel wishes to appear by telephone at the hearing, she shall promptly contact the

23  undersigned's Courtroom Deputy, at (916) 930-4187, to make arrangements for such a telephonic

24  appearance.

25          4.      The parties shall file a joint statement re discovery disagreement, pursuant

26  to Local Rule 251, no later than September 15, 2011.

4

1           5.      The Status (Pretrial Scheduling) Order is modified sua sponte for good

2 cause, and the discovery completion deadline provided in that scheduling order is continued from

3 September 16, 2011, to September 30, 2011.  This modification is made *for the sole purpose of*

4 *resolving plaintiff's pending motion to compel*, and the undersigned will not consider any other

5 discovery-related motions during or after the extended discovery completion period absent a

6 motion to further modify the scheduling order that is supported by good cause.  No other

7 deadlines provided in the Status (Pretrial Scheduling) Order are modified by this order.

8           IT IS SO ORDERED.

9 DATED: August 31, 2011

10

11

12 KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26