IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEIDRA A. LINTZ,

      Plaintiff,                    No. 2:09-cv-01907 GEB KJN PS

      v.

JOHN E. POTTER, Postmaster General,
U.S. Postal Service,

      Defendant.                <u>ORDER</u>

      Presently before the court is plaintiff's ex parte application for reconsideration of the undersigned's order entered on August 31, 2011, which continued the hearing on plaintiff's motion to compel discovery to September 22, 2011, and required the parties to file a joint statement re discovery disagreement no later than September 15, 2011.[1]  (See Pl.'s Ex Parte Appl., Sept. 12, 2011, Dkt. No. 42; Pl.'s Proposed Orders, Dkt. Nos. 43-44; Order, Aug. 31, 2011, Dkt. No. 40.)  Although plaintiff's application is at best difficult to understand, it appears that plaintiff requests that the undersigned: (1) continue the September 22, 2011, *to the same date*, September 22, 2011; (2) relieve the parties of the requirement of filing a joint statement re discovery disagreement because plaintiff's motion to compel is based on defendant's complete

---

[1] This case proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

and total failure to respond to discovery requests, see Local Rule 251(e); and (3) grant plaintiff's motion to compel and deem defendant to have waived any objections to plaintiff's discovery.

        The undersigned denies plaintiff's ex parte application.  First, plaintiff's request to *retain* the September 22, 2011 hearing date is denied as moot.  Second, plaintiff's request that the court resolve plaintiff's motion to compel in the context of an application for reconsideration is denied because the undersigned will resolve plaintiff's motion to compel during or after the September 22, 2011 hearing on the motion.  Third, the undersigned denies plaintiff's request to be relieved of this court's joint statement requirement.  Although plaintiff contends that defendant failed to timely respond to plaintiff's discovery requests and waived objections—which very well might be true—plaintiff's own representations and the documents she submitted reflect that there has not been a complete and total failure to respond to discovery requests.  Defendant has provided discovery documents to plaintiff and has met and conferred with plaintiff regarding the discovery in question.  Whether defendant actually waived its objections and is deemed to have admitted certain matters remains to be addressed at the September 22, 2011 hearing.

        Accordingly, IT IS HEREBY ORDERED that plaintiff's ex parte application for reconsideration (Dkt. No. 42) is denied.

        IT IS SO ORDERED.

DATED:  September 15, 2011

                                        KENDALL J. NEWMAN
                                        UNITED STATES MAGISTRATE JUDGE