IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEIDRA A. LINTZ,

        Plaintiff,                    No. 2:09-cv-01907 GEB KJN PS

       v.

JOHN E. POTTER, POSTMASTER
GENERAL, U.S. POSTAL SERVICE,

        Defendant.               <u>ORDER</u>

        Presently before the court is plaintiff's motion to compel (Dkt. No. 36), which seeks to compel, among other things, defendant's discovery responses to various discovery requests without the inclusion of any objections; the production of additional responsive documents; and a finding that defendant waived all of its objections to, and is deemed to have admitted all of, plaintiff's requests for admissions by not serving discovery responses for nearly nine months.[1] Plaintiff's portion of the joint statement re discovery disagreement also seeks relief relative to several discovery matters that are not properly before the court. Although the discovery properly encompassed by plaintiff's motion to compel was served on defendant in or around January 2011 at the latest, defendant shockingly still has not served plaintiff with formal

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

discovery responses. Additionally, defendant's portion of the joint statement does not substantively respond to the discovery issues presented to the court; instead, defendant largely attempts to blame *plaintiff* for defendant's discovery failures and requests that defendant not be sanctioned for its conduct.

The undersigned heard this matter on the September 22, 2011 calendar. Plaintiff, who is proceeding pro se, appeared at the hearing and represented herself. Assistant United States Attorney Edward Olsen, who is not defendant's counsel of record, appeared on behalf of defendant. Defendant's counsel of record, Assistant United States Attorney J. Earlene Gordon, was unable to attend the hearing in person or by telephone because of her travel schedule.[2] (Joint Statement at 25 n.1.) The undersigned conducted a lengthy hearing in regards to the pending motion and would have appreciated Ms. Gordon's appearance.

As stated at the hearing, the undersigned is quite sympathetic to defendant's counsel's personal crises that impacted her handling of the discovery in this case, and plaintiff demonstrated empathy and was accommodating in that regard. However, defendant's counsel's unresponsiveness in regards to the pending discovery disputes, both as to plaintiff and in the briefing of this motion, and lack of contrition in regards to the various discovery failings in this case is at best unfathomable. Morever, defendant's counsel's attempts to blame plaintiff for defendant's failings in this case is regrettable. In any event, in consideration of the briefs and

---

[2] Plaintiff originally attempted to have her motion to compel heard in August 2011 (see Dkt. Nos. 36-37), and the court set the motion for a September 8, 2011 hearing date because of an impending September 16, 2011 discovery completion deadline (Minute Order, Aug. 16, 2011, Dkt. No. 38). Defendant subsequently moved to continue the hearing until September 29, 2011, because of defendant's counsel's work and travel schedules. (Def.'s Ex Parte Mot. to Continue, Dkt. No. 39.) Defendant did not seek to modify the scheduling order upon a showing of good cause. The court continued the hearing to September 22, 2011, and sua sponte continued the September 16, 2011 discovery completion deadline in this case, in order to accommodate defendant's counsel and to account for the court's inadvertent delay in serving plaintiff with the minute order that had previously set the motion to compel for a September 8, 2011 hearing. (See Order, Aug. 31, 2011, Dkt. No. 40.) However, the court could not justify any further continuance in light of plaintiff's diligence in pursuing her motion, the impending and now-continued discovery completion deadline, and the other scheduled dates in the case. Moreover, the court expressly noted that defendant's counsel of record could attend by telephone.

record in this case, and for the reasons stated at length on the record at the September 22, 2011 hearing, the court grants plaintiff's motion to compel in part, and denies it in part.

Specifically, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (Dkt. No. 36) is granted in part and denied in part.

2. In regards to plaintiff's Interrogatories Set One, defendant has waived all objections to those interrogatories by failing to serve timely discovery responses, and has failed to show good cause to excuse that failure.[3] Within 10 days of the date of this order, defendant shall serve plaintiff with formal responses to plaintiff's Interrogatories Set One, without the assertion of any objections. Additionally, it shall be wholly insufficient for defendant to respond to these interrogatories by stating, as it did in the joint statement, that the documents already produced in this case are responsive to the interrogatories. A brief review of the subject interrogatories reflect that such a response is not supportable even without review of the already-produced documents. If defendant asserts such a response, the court may further sanction defendant and its counsel.

3. In regards to plaintiff's Requests for Production of Documents Sets One[4]

---

[3] With respect to written interrogatories, Federal Rule of Civil Procedure 33(b)(4) provides that "[t]he grounds for objecting to an interrogatory must be stated with specificity," and that "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." See also Richmark Corp. v. Timber Falling Consultants, 959 F.2d 1468, 1473 (9th Cir. 1992) ("It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection."); Davis v. Fendler, 650 F.2d 1154, 1160 (9th Cir. 1981) ("Generally, in the absence of an extension of time or good cause, the failure to object to interrogatories within the time fixed by Rule 33, FRCivP, constitutes a waiver of any objection. This is true even of an objection that the information sought is privileged.").

[4] It appears from the record and representations at the hearing that plaintiff's first set of document requests were stated in a letter format. To the extent that defendant intended to object to the form of plaintiff's Requests for Production of Documents Set One, it has waived such objections by not serving responses to those document requests. Additionally, the record supports that defendant's counsel informed plaintiff in early 2011 that defendant would inform plaintiff if defendant had an objection to the form of plaintiff's Requests for Production of Documents Set One. The record also supports that defendant did not subsequently inform plaintiff of any such objection.

3

and Two, defendant has waived all objections to those document requests by failing to serve timely discovery responses, and has failed to show good cause to excuse that failure.[5] Within 10 days of the date of this order, defendant shall serve plaintiff with formal responses to plaintiff's Requests for Production of Documents Sets One and Two, without the assertion of any objections. Defendant shall simultaneously serve all additional, responsive documents on plaintiff.[6]

       4.     In regards to plaintiff's Requests for Admissions Set One, defendant has waived all objections to those requests for admission by failing to serve timely responses in nearly nine months.[7] The matters to which plaintiff's requests for admission are directed are deemed admitted by defendant.[8] Defendant may promptly file a motion for relief from the deemed admissions. In making such a motion, however, defendant must also demonstrate "good

---

[5] Regarding document requests, Federal Rule of Civil Procedure 34(b)(2)(C) provides that "[a]n objection to part of a request must specify the part and permit inspection of the rest." Generally, the failure to assert timely objections to document requests served pursuant to Rule 34 constitutes a waiver of those objections. See Richmark Corp., 959 F.2d at 1473; City of Rialto v. U.S. Dep't of Def., 492 F. Supp. 2d 1193, 1201-02 (C.D. Cal. 2007) (concluding that a party's failure to timely object to a document request constituted a waiver of the attorney-client privilege as to the documents in question).

[6] Defendant claims that it has provided approximately 2,000 pages of responsive documents to plaintiff (Gordon Decl. ¶ 11), but plaintiff contends that those documents are non-responsive and consist only of documents that *plaintiff* transmitted to the Equal Employment Opportunity Commission and the Merit Systems Protection Board (see Joint Statement at 7). At the hearing, Mr. Olson essentially conceded that defendant's prior document production does not include all responsive documents in defendant's possession, custody, or control.

[7] Remarkably, defendant still has not served responses to plaintiff's requests for admission, and incomprehensibly did not file a motion for relief from the deemed admissions. And despite defendant's counsel's claim that responses to the requests for admission (that were never served on plaintiff) are appended to her declaration filed with the joint statement, such is not the case. Instead, Mr. Olsen hand delivered those responses to the court during the hearing. Even reviewing those responses, the undersigned notes that defendant failed to provide a response to one of plaintiff's requests for admission, leaving the "Response" section blank.

[8] Federal Rule of Civil Procedure 36(a)(3) provides, in part, that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." Rule 36(b) further provides that "[a] matter admitted under this rule is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b) (emphasis added).

cause" to modify the scheduling order, see Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992), unless the parties agree to modify the scheduling order to permit the hearing of such a motion beyond the discovery completion deadline and the court approves that stipulation.  Moreover, any such motion should address each request for admission individually in seeking to have the deemed admission withdrawn or amended.

        5.     As plaintiff conceded at the hearing, her motions to compel responses to her Requests for the Production of Documents Set Three and her request for entry on land to conduct three site inspections are not properly before the court because plaintiff's served those discovery requests after she filed her motion to compel.[9]  As advised at the hearing, plaintiff must demonstrate "good cause" to modify the scheduling order if she files a motion to compel regarding this discovery, unless the parties agree to modify the scheduling order to permit the hearing of such motion beyond the discovery completion deadline and the court approves that stipulation.

        6.     Plaintiff's request to be permitted to make corrections to her deposition transcript is beyond the scope of the motion to compel because it was first raised in the joint statement, and plaintiff's deposition occurred after plaintiff filed her motion to compel.[10]  However, in light of defendant's express lack of objection, plaintiff is granted two weeks from the date of this order to make corrections to her deposition transcript.

        7.     Plaintiff's request for a determination that defendant's 19 interrogatories and 28 requests for production exceed the number permitted under the Federal Rules of Civil Procedure is not properly before the court because plaintiff first raised the issue in the joint

---

[9] Ms. Gordon failed to materially address these matters in defendant's portion of the joint statement.  However, Mr. Olson represented at the hearing that defendant served responses to these discovery requests on September 14, 2011.

[10] Ms. Gordon failed to materially address this issue in defendant's portion of the joint statement.

statement, and plaintiff has not filed a motion for a protective order.[11]  If plaintiff intends to file a motion in regards to defendant's discovery requests, she must also demonstrate "good cause" to modify the scheduling order unless the parties agree to modify the scheduling order to permit the hearing of such motion beyond the discovery completion deadline and the court approves that stipulation.

        8.    Pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), plaintiff is entitled to the award of reasonable expenses incurred in bringing this motion to compel as to her Interrogatories Set One, Requests for the Production of Documents Sets One and Two, and Requests for Admissions.  Because plaintiff is proceeding without an attorney, she may not collect attorney's fees,[12] and the undersigned denies plaintiff's request to compensate plaintiff for her expenses incurred in hiring a third party non-attorney to assist her in regards to discovery in this case.  However, within seven days of the date of this order, plaintiff may file a declaration containing an itemized list of reasonable expenses (e.g., copying costs, facsimile charges, postage, etc.), including receipts where appropriate—that plaintiff incurred in filing the motion to compel and pursuing responses to her Interrogatories Set One, Requests for the Production of Documents Sets One and Two, and Requests for Admissions.  Thereafter, the undersigned will address the possible awarding of expenses in a separate order.

        IT IS SO ORDERED.

DATED: September 23, 2011

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[11] Although the undersigned has not had the opportunity to review these discovery requests, the service of 19 interrogatories and 28 requests for production does not, on its face, exceed the number permitted by Federal Rules of Civil Procedure 33(a)(1) and 34.

[12] See Miller v. Segerstrom, No. CIV S-07-1646 LKK EFB P, 2011 WL 3875804, at *3 (E.D. Cal. Aug. 31, 2011) (unpublished) (concluding that pro se plaintiff was not entitled to collect attorney's fees pursuant to Rule 37(a)(5)(A)); cf. Kay v. Ehrler, 499 U.S. 432, 435 (1991); Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 815-16 (9th Cir. 1985).