IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEIDRA A. LINTZ,

        Plaintiff,                    No. 2:09-cv-01907 GEB KJN PS

      v.

JOHN E. POTTER, POSTMASTER
GENERAL, U.S. POSTAL SERVICE,

        Defendant.                ORDER

                                       /

          Presently before the court is plaintiff's "Ex Parte Motion to Compel Entry and Objection to Defendant's Potters [*sic*] Responses to Production of Documents Set Three" (Dkt. No. 48).[1] Plaintiff filed this motion on September 23, 2011, apparently seeking relief on her motion to compel *and* a hearing date of September 29, 2011. (See Proposed Order at 1.) The discovery completion date in this case is September 30, 2011 (Order, Aug. 31, 2011, Dkt. No. 40), and plaintiff's motion expressly states that plaintiff "is not willing to extend discovery deadline [*sic*] of September 30, 2011" (Mot. to Compel at 1; accord id. at 2). The undersigned denies plaintiff's motion to compel without prejudice.

          First, to the extent that plaintiff's ex parte motion constitutes an ex parte

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1  application for an order shortening time on a hearing on plaintiff's motion to compel, plaintiff
2  has not demonstrated compliance with the court's Local Rules regarding applications for such ex
3  parte relief.  Specifically, plaintiff's declaration does not provide a "satisfactory explanation for
4  the need for the issuance of such an order and for the failure of counsel to obtain a stipulation for
5  the issuance of such an order from other counsel or parties in the action."  E. Dist. Local
6  Rule 144(e).

        Second, as noted above, the discovery "completion" deadline in this case is September 30, 2011, and plaintiff is unwilling to extend discovery in this case.  However, the court's scheduling order provides that the term "completed" in reference to discovery in this case means "that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the parties have complied with the order."  (Status (Pretrial Scheduling Order at 3-4, Dkt. No. 30.)  In light of those requirements, even if the court heard plaintiff's motion on September 29, 2011, it would be impossible for the court to grant relief, and for defendants to comply with the court's order, prior to expiration of the September 30, 2011 discovery completion deadline.  Thus, granting the relief sought by plaintiff would violate the court's scheduling order.  Moreover, the court expressly warned plaintiff and defendant at a September 22, 2011 hearing—and reiterated in an order signed on September 23, 2011, and entered on September 27, 2011—that if either party intended to file a discovery-related motion in the future, that party would have to demonstrate "good cause" to modify the scheduling order, see Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992), unless the parties stipulated to modify the scheduling order to permit the hearing of such a motion beyond the discovery completion deadline and the court approved that stipulation.  (See Order, Sept. 27, 2011, at 5 ("As plaintiff conceded at the hearing, her motions to compel responses to her Requests for the Production of Documents Set Three and her request for entry on land to conduct three site inspections are not properly before the court because plaintiff's

served those discovery requests after she filed her motion to compel.  As advised at the hearing, plaintiff must demonstrate 'good cause' to modify the scheduling order if she files a motion to compel regarding this discovery, unless the parties agree to modify the scheduling order to permit the hearing of such motion beyond the discovery completion deadline and the court approves that stipulation."), Dkt. No. 49.)  Yet, plaintiff is unwilling to extend discovery in this case.

        Accordingly, plaintiff's motion to compel (Dkt. No. 48) is denied without prejudice.

        IT IS SO ORDERED.

DATED:  September 27, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE