IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEIDRA A. LINTZ,

        Plaintiff,                  No. 2:09-cv-01907 GEB KJN PS

     v.

JOHN E. POTTER, POSTMASTER
GENERAL, U.S. POSTAL SERVICE,

        Defendant.              <u>ORDER</u>

        By this order, the undersigned modifies the status (pretrial scheduling) order in this case.[1] The undersigned also continues the hearing on defendant's motion for summary judgment presently scheduled for November 3, 2011, because resolution of defendant's motion to withdraw its deemed admissions, which is presently set to be heard on October 27, 2011, necessarily impacts plaintiff's ability to adequately oppose the motion for summary judgment. The modifications and the continuance are the result of defendant's failings in responding to discovery in this case.

        In an order signed on September 23, 2011, but entered on September 27, 2011, the undersigned resolved several disputes regarding discovery in this case (Dkt. No. 49). Relevant

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

here, the court granted plaintiff's motion to compel responses without objections to plaintiff's first and second sets of documents requests and first set of interrogatories, and also granted plaintiff's motion to deem admitted the matters addressed by plaintiff's requests for admissions. (See Order, Sept. 27, 2011, at 3-4.)  However, the undersigned permitted defendant to promptly file a motion to withdraw the deemed admissions, with the condition that defendant demonstrate "good cause" for hearing such a motion outside of the discovery completion deadline, which ran on September 30, 2011. (Id. ("In making such a motion, however, defendant must also demonstrate 'good cause' to modify the scheduling order, see Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992), unless the parties agree to modify the scheduling order to permit the hearing of such a motion beyond the discovery completion deadline and the court approves that stipulation."); see also Order, Aug. 31, 2011, at 5 (modifying the scheduling order), Dkt. No. 40.)

On September 30, 2011, defendant filed a motion to withdraw the admissions to plaintiff's requests for admissions numbered one through four, seven, twelve, and thirteen (Dkt. No. 52.)  That motion is set for a hearing to take place on October 27, 2011.

On October 6, 2011, defendant filed a motion for summary judgment and noticed it for a hearing to take place on November 3, 2011 (Dkt. No. 54).  November 3rd is the last date that dispositive motions may be heard in this case. (Status (Pretrial Scheduling) Order at 3, Dkt. No. 30.)

On October 11, 2011, plaintiff filed a single opposition to defendant's motion to withdraw its deemed admissions and defendant's motion for summary judgment (Dkt. No. 57). Plaintiff objects to the notice provided by defendant as to both motions, and also attacks defendant's perfunctory statement of good cause in support of hearing the motion to withdraw the admissions outside of the discovery completion period.  In regards to the motion to withdraw defendant's admissions, the court will address plaintiff's concerns at the October 27, 2011 hearing.  Plaintiff's complaints regarding the noticing of the motion for summary judgment are

1  deemed moot because the undersigned continues the hearing on that motion and provides
2  plaintiff with an additional opportunity to oppose that motion.

3  Also on October 11, 2011, plaintiff filed a request for an order to show cause
4  regarding defendant's updated responses to plaintiff's first and second sets of document requests
5  (Dkt. No. 56).  In essence, defendant responded to nearly all of the documents requests with the
6  following statement and without citations to page numbers from defendant's document
7  productions: "These documents have been provided."  Plaintiff contends that these responses
8  constitute discovery abuse because plaintiff's complaint about defendant's original document
9  production was that defendant simply produced back to plaintiff all of the documents plaintiff
10 provided to defendant.  That issue was addressed at the September 22, 2011 discovery hearing,
11 but still appears to be unresolved.  (See Order, Sept. 27, 2011, at 4 n.6 ("Defendant claims that it
12 has provided approximately 2,000 pages of responsive documents to plaintiff (Gordon Decl.
13 ¶ 11), but plaintiff contends that those documents are non-responsive and consist only of
14 documents that plaintiff transmitted to the Equal Employment Opportunity Commission and the
15 Merit Systems Protection Board (see Joint Statement at 7).  At the hearing, Mr. Olson essentially
16 conceded that defendant's prior document production does not include all responsive documents
17 in defendant's possession, custody, or control.").)  The undersigned will take up plaintiff's
18 complaint in this regard at the October 27, 2011 hearing.  Defendant's counsel should be
19 prepared to address: (1) defendant's updated discovery responses that suggest that all documents
20 have been produced; and (2) the court's inclination to require that defendant provide specific
21 document or Bates numbers with respect to each response to plaintiff's first and second sets of
22 documents requests where defendant responded that all documents have been produced.

23 Because the problems with discovery in this case attributable to defendant have
24 essentially derailed the scheduling of this case, the undersigned vacates the final pretrial
25 conference date and trial date in this case and will re-set those dates after resolution of
26 defendant's motion for summary judgment.  The undersigned so modifies the scheduling order in

order to ensure that plaintiff has a full and fair opportunity to respond to defendant's motion for summary judgment.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The final pretrial conference and trial dates provided in the status (pretrial scheduling) order are vacated. These dates will be re-set following resolution of defendant's motion for summary judgment.

2. Defendant's motion to withdraw its admissions will remain on calendar on October 27, 2011. In addition to addressing the merits of that motion, defendant's counsel shall also be prepared to address: (1) defendant's updated discovery responses that suggest that all documents responsive to plaintiff's first and second sets of document requests have been produced; and (2) the court's inclination to require that defendant provide specific document or Bates numbers with respect to each response to plaintiff's first and second sets of documents requests where defendant responded that all documents have been produced.

3. The hearing on defendant's motion for summary judgment presently set for November 3, 2011, is continued to December 15, 2011, at 10:00 a.m., in Courtroom 25. Plaintiff shall file a written opposition to the motion for summary judgment or statement of non-opposition *no later than December 1, 2011*, and any opposition must conform with the requirements of Local Rules 230 and 260. Defendant may file a written reply no later than December 8, 2011.

IT IS SO ORDERED.

DATED: October 18, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE