IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEIDRA A. LINTZ,

        Plaintiff,                    No. 2:09-cv-01907 GEB KJN PS

       v.

JOHN E. POTTER, POSTMASTER
GENERAL, U.S. POSTAL SERVICE,

        Defendant.              <u>ORDER</u>

/

       Presently before the court is defendant's motion to withdraw admissions that were deemed admitted upon defendant's failure to respond to plaintiff's requests for admission for approximately nine months (Dkt. No. 52).[1]  Specifically, defendant seeks to withdraw his admissions to plaintiff's requests for admission numbered 1, 2, 3, 4, 7, 12, and 13.  Plaintiff opposes defendant's motion (Dkt. Nos. 57, 60).

       The court heard this matter on its law and motion calendar on October 27, 2011. (Minutes, Oct. 27, 2011, Dkt. No. 63.)  Assistant United States Attorney J. Earlene Gordon appeared on behalf of defendant.  Plaintiff, who is proceeding without counsel, appeared at the hearing and represented herself.

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

The undersigned has fully considered the parties' briefs, oral arguments, and the appropriate portions of the record in this case. For the reasons that follow, the undersigned grants defendant's motion to withdraw his admissions to plaintiff's requests for admission numbered 1, 2, 3, 4, 7, 12, and 13. However, plaintiff will be granted additional time to conduct discovery in this case in order to mitigate any potential prejudice caused by the grant of relief to defendant. Within 14 days of the date of this order, plaintiff shall file a status report addressing the additional discovery that she wishes to conduct and any additional discovery-related motions that she wishes to file and have heard prior to opposing defendant's motion for summary judgment.[2]

I. BACKGROUND

In this employment discrimination and retaliation case, plaintiff alleges five claims for relief framed in four enumerated claims: claims for discrimination and retaliation on the basis of plaintiff's disability, which also incorporates a claim for failure to accommodate plaintiff's disability; and claims of race-based discrimination and retaliation. (See Third Am. Compl. at ¶¶ 27-43, Dkt. No. 22.) In the course of discovery, plaintiff served defendant with the following requests for admission that are at issue here:

    1.    Admit that plaintiff was a person with a disability under the Rehabilitation Act of 1973 in 2007 and 2008.

    2.    Admit that plaintiff was a "qualified" individual with a disability under the Rehabilitation Act of 1973 in 2007 and 2008.

    3.    Admit that plaintiff, with or without reasonable accommodation, was able to perform the essential functions of her job in 2007 and 2008.

    4.    Admit that providing plaintiff with a reasonable accommodation of her disability in 2007 and 2008 would not have caused the Agency an undue burden.

---

[2] As the undersigned noted at the hearing, additional discovery conducted by plaintiff might result in defendant withdrawing its pending motion for summary judgment and filing a revised motion for summary judgment. The undersigned need not further address such a circumstance at this time.

2

> . . .
>
> 7.  Admit that the duties of the job USPS offered to plaintiff in Mountain View, CA beginning on or about June 22, 2007 were not consistent with plaintiff's medical restrictions at that time.
>
> . . .
>
> 12.  Admit that USPS failed to submit a report to Human Resources as required by ELM 365.242(c) prior to plaintiff's termination.
>
> 13.  Admit that USPS failed to make every effort to assign plaintiff to limited duty consistent with her medically defined work limitations in and after June 2007.

(Dkt. No. 42 at 11-13; accord Def.'s Mot. to Withdraw Admissions, Ex. 1 at 2-4.)

Plaintiff previously represented to the court that she served her first set of requests for admission on defendant on or around January 5, 2010, with responses due on or before February 5, 2010. (See Joint Statement Re Discovery Disagreement re Mot. to Compel at 1-2, Sept. 15, 2011, Dkt. No. 46.) Defendant has not contested this fact, although defendant's counsel contends that she was granted several open-ended extensions of time in which to respond to the requests for admission.

Defendant's counsel represents that she believed that she had served responses on plaintiff in May 2010, but failed to realize until September 13, 2011, that in fact she had not served such responses. (See Gordon Decl. ¶¶ 5, 8-9, Sept. 30, 2011, Dkt. No. 52, Doc. No. 52-1.) Defendant's counsel concedes that she failed to timely serve responses to the requests for admissions. (Def.'s Mot. to Withdraw Admissions at 3 ("There is no doubt that the undersigned defense counsel did not provide Ms. Lintz with responses to her Requests for Admissions within the time frame allowed by Rule 36."), Dkt. No. 52.) In her declaration, defendant's counsel describes in detail her husband's ongoing, very serious medical ailments that took defendant's counsel's focus away from her job for an extended period of time during this year. (See Gordon Decl. ¶¶ 3, 5, 7, Sept. 30, 2011.)

In an order entered September 27, 2011, the undersigned granted plaintiff's

3

motion to compel in part, and in relevant part ordered that the matters to which plaintiff's requests for admission were directed were deemed admitted by defendant. (Order, Sept. 27, 2011, at 4-5, Dkt. No. 49.) Specifically, the court's order stated:

> In regards to plaintiff's Requests for Admissions Set One, defendant has waived all objections to those requests for admission by failing to serve timely responses in nearly nine months. The matters to which plaintiff's requests for admission are directed are deemed admitted by defendant. Defendant may promptly file a motion for relief from the deemed admissions. In making such a motion, however, defendant must also demonstrate "good cause" to modify the scheduling order, see Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992), unless the parties agree to modify the scheduling order to permit the hearing of such a motion beyond the discovery completion deadline and the court approves that stipulation. Moreover, any such motion should address each request for admission individually in seeking to have the deemed admission withdrawn or amended.

(Id. (footnotes 7 and 8 omitted).) That order further stated:

> Remarkably, defendant still has not served responses to plaintiff's requests for admission, and incomprehensibly did not file a motion for relief from the deemed admissions. And despite defendant's counsel's claim that responses to the requests for admission (that were never served on plaintiff) are appended to her declaration filed with the joint statement, such is not the case. Instead, Mr. Olsen[3] hand delivered those responses to the court during the hearing. Even reviewing those responses, the undersigned notes that defendant failed to provide a response to one of plaintiff's requests for admission, leaving the "Response" section blank.

(Id. at 4 n.7.)[4]

On September 30, 2011, defendant filed the pending motion to withdraw his admissions to plaintiff's requests for admission numbered 1, 2, 3, 4, 7, 12, and 13. Attached to

---

[3] Assistant United States Attorney Edward Olsen appeared on behalf of defendant's counsel of record, Ms. Gordon, at the September 22, 2011 hearing on plaintiff's motion to compel. The undersigned has absolutely no basis to believe that Mr. Olsen bears any responsibility for the discovery failings in this case. He simply had the unfortunate experience of appearing at the September 22, 2011 hearing for Ms. Gordon, who was apparently traveling at the time of the hearing.

[4] The undersigned has repeatedly expressed frustration at Ms. Gordon's conduct in regards to discovery in this case. Little more ink need be spilled here on that subject except to note that the undersigned is surprised at Ms. Gordon's relative lack of contrition in regards to her conduct that has substantially delayed this case from proceeding.

4

the motion are still further revised responses to plaintiff's requests for admissions. (Mot. to Withdraw Admissions at 7 n.2 & Ex. 1.) Plaintiff filed two written oppositions or objections to the pending motion (Dkt. Nos. 57, 60).[5]

II.   LEGAL STANDARDS

With respect to requests for admission, Federal Rule of Civil Procedure 36(a)(3) provides, in part, that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter." Rule 36(b) further provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b). Whether such relief is appropriate is governed by a two-pronged test: a "court may permit withdrawal or amendment if it would [1] promote the presentation of the merits of the action and [2] if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Id.

---

[5] Plaintiff objects to the filing of defendant's motion as untimely. (Pl.'s Opp'n at 1-2, Dkt. No. 57.) First, plaintiff appears to contend that defendant filed his motion "too late" because defendant filed that motion on September 30, 2011, which was the last day of the discovery completion period. (See id. at 1; see also Order, Aug. 31, 2011, at 5 (continuing the discovery completion deadline to September 30, 2011), Dkt. No. 40.) Although plaintiff is correct that September 30, 2011, was the last day of the discovery completion period, the court expressly permitted defendant to file the motion to withdraw the admissions with the understanding that such a motion could not have been filed within the discovery completion period (see Order, Sept. 27, 2011, at 4-5). Accordingly, plaintiff's first argument regarding untimeliness of defendant's motion is not well-taken.

Second, plaintiff objects to defendant's motion because defendant did not notice a hearing date with 28 days of notice, as required by Local Rule 230(b). (See Pl.'s Opp'n at 1-2.) However, defendant's motion relates to discovery matters and, accordingly, the notice provisions of Local Rule 230 do not apply. See E. Dist. Local Rule 251(f) ("**Notice Provisions.** By reason of the notice provisions set forth in (a) and (e), the provisions of L.R. 230 shall not apply to motions and hearings dealing with discovery matters."). Instead, the notice provisions of Local Rule 251(a) apply here, and thus only 21 days of notice was required. See E. Dist. Local Rule 251(a) ("Except as provided in (e), a hearing of a motion pursuant to Fed. R. Civ. P. 26 through 37 . . . , may be had by the filing and service of a notice of motion and motion scheduling the hearing date on the appropriate calendar at least twenty-one (21) days from the date of filing and service."). Here, defendant filed and served his motion on September 30, 2011, and noticed a hearing date of October 27, 2011, which provided plaintiff with 27 days of notice prior to the hearing. Accordingly, plaintiff's second objection is unpersuasive.

Rule 36(b) presents a permissive standard, and whether a party is entitled to relief in the form of withdrawal or amendment of responses to requests for admissions lies within the discretion of the district court.[6] Conlon v. United States, 474 F.3d 616, 621 (9th Cir. 2007). However, "[t]he rule permits the district court to exercise its discretion to grant relief from an admission made under Rule 36(a) only when (1) the presentation of the merits of the action will be subserved, and (2) the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits." Id. (citations and quotation marks omitted). "The party relying on the deemed admission has the burden of proving prejudice." Id. at 622. These two factors are "central" to the analysis, and a district court's failure to consider the two components of Rule 36(b) identified above constitutes an abuse of discretion.[7] Id. at 625. A district court may also "consider other factors, including whether the moving party can show good cause for the delay and whether the moving party appears to have a strong case on the merits." Id.

////

---

[6] The Ninth Circuit Court of Appeals has advised district courts "to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." 999 v. C.I.T. Corp., 776 F.2d 866, 869 (9th Cir. 1985). This seems an appropriate admonition in cases such as C.I.T. Corp., where the defendant moved to withdraw an admission in the middle of trial. See id. ("Once trial begins, a more restrictive standard is to be applied in permitting a party to withdraw or amend an admission.").

[7] In Conlon, the Ninth Circuit Court of Appeals summarized the purposes and policies that animate Rule 36 and the requirement that a district court consider both prongs of the test before granting or denying relief in the form of amendment or withdrawal of responses:

> Admissions are sought, first, to facilitate proof with respect to issues that cannot be eliminated from the case and, second, to narrow the issues by eliminating those that can be. The rule is not to be used in an effort to "harass the other side" or in the hope that a party's adversary will simply concede essential elements. Rather, the rule seeks to serve two important goals: truth-seeking in litigation and efficiency in dispensing justice. Thus, a district court must specifically consider both factors under the rule before deciding a motion to withdraw or amend admissions.

474 F.3d at 622 (citations and quotation marks omitted).

6

## III. DISCUSSION

### A. Good Cause To Hear this Motion Outside of the Discovery Completion Period

In permitting defendant to file a motion to withdraw his admissions, the court specifically admonished defendant that in addition to demonstrating his entitlement to relief under Federal Rule of Civil Procedure 36 in regards to the admissions, he would have to show "'good cause' to modify the scheduling order . . . unless the parties agree[d] to modify the scheduling order to permit the hearing of such a motion beyond the discovery completion deadline and the court approve[d] that stipulation." (Order, Sept. 27, 2011.) Defendant's counsel represents that she unsuccessfully attempted to obtain a stipulation from plaintiff. (Gordon Decl. ¶ 11, Sept. 30, 2011.) Accordingly, defendant is required to show good cause to modify the scheduling order, and plaintiff objects on the ground that defendant has not shown good cause supporting modification of the scheduling order (see Pl.'s Opp'n at 1).

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." See also Zivkovic v. So. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) ("In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'") (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607 (9th Cir. 1992)). A district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Johnson, 975 F.2d at 609 (citations and quotation marks omitted). In Johnson, the Ninth Circuit Court of Appeals stated: "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." Id. (citation omitted); accord Zivkovic, 302 F.3d at 1087 ("If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted.") (citation omitted).

In yet another surprising display of inattention to detail, defendant failed to

7

separately address in his moving papers whether he has satisfied the "good cause" requirement of Rule 16(b)(4). Although defendant actually noted that he was required to show good cause in the absence of a stipulation and that he was unable to obtain a stipulation to modify the scheduling order (see Def.'s Mot. to Withdraw Admissions at 5-6), he still failed to substantively address the issue of good cause. Defendant failed in this regard even though that requirement, and citations to the relevant rule and the controlling appellate decision, were expressly provided in the court's September 27, 2011 order.[8]

In its reply brief, defendant offers the following confusing and perfunctory statement regarding good cause to modify the scheduling order:

> Defendant's Motion to Withdraw Admissions was filed on September 30, 2011, three days after entry of the Court's Order. [Doc. 52] Thus, Defendant's filing of his motion for relief was prompt. Furthermore, in the absence of a stipulation from Plaintiff to modify the scheduling order, and in light of Plaintiff's repeated statements to the Court that she had no desire to do so, Defendant showed 'good cause' for such modification in his motion.

(Reply Br. at 2, Dkt. No. 58.) This statement makes no sense with regard to a showing of good cause and does not remotely address the standards for good cause to modify a scheduling order.

Nevertheless, although defendant has presented a close call, the undersigned concludes that good cause supports hearing this motion outside of the discovery completion deadline. Although defendant's counsel was inattentive in this case, she declared under penalty of perjury that she only realized on September 13, 2011, that responses to the requests for admission had not been served in May 2011. (Gordon Decl. ¶ 9, Sept. 30, 2011.) Additionally, Mr. Gordon filed the pending motion within three days of entry of the court's order permitting

---

[8] Defendant's initial moving papers address "good cause" in a section labeled "Other Factors," but that section concerns the standards for relief from deemed admissions. (Def.'s Mot. to Withdraw Admissions at 12-13.) In that section, defendant addresses its delay in responding to the requests for admission. However, defendant did not separately address good cause under Rule 16, including his lack of diligence in seeking modification of the scheduling order once he realized that he failed to serve responses to plaintiff's requests for admission.

8

defendant to file the motion.[9]  Under these circumstances, the undersigned finds that good cause exists to hear this motion.

        B.       <u>Defendant's Motion to Withdraw Admissions</u>

The undersigned addresses the two steps of the test governing relief from deemed admissions in turn.  "'The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case.'" <u>Conlon</u>, 474 F.3d at 622 (holding that relief was warranted where the government moved for summary judgment on the basis of the deemed admissions and upholding the admissions eliminated any need for a presentation of the merits) (quoting <u>Hadley</u>, 45 F.3d at 1348).

At the outset, defendant's statement in his recently filed motion for summary judgment glaringly works against his motion for relief from the deemed admissions, at least at first blush.  In his motion for summary judgment, defendant states:

> There is currently pending a Motion to Withdraw Admissions filed by Defendant in this case.  [Doc. 52]  Those admissions go to the existence of a disability, and Defendant's role in the interactive process.  While denial of that motion would enable Plaintiff to establish some elements of her prima facie case of disability discrimination, it is Defendant's position that, even with those admissions, Plaintiff cannot prove her case as a matter of law, and summary judgment should issue.

(Def.'s Memo. of P. & A. In Supp. of Mot. for Summ. J. at 2, Dkt. No. 54, Doc. No. 54-1.)  At the hearing, defendant's counsel credibly argued that defendant's motion for summary judgment is based on a preliminary argument relating to exhaustion of administrative remedies, and alternative arguments addressing the merits of plaintiff's discrimination and retaliation claims.  If

////

////

---

[9] The undersigned is somewhat puzzled that Ms. Gordon did not file defendant's motion to withdraw the deemed admissions on or shortly after September 13, 2011, when she realized her oversight.  Instead, she waited for the court to prompt her to file such a motion.  It would seem that most practitioners who had dramatically failed to respond to discovery for the better part of a year would have promptly given notice to the court and the opposing party of his or her intention to seek relief from the deemed admissions.

9

defendant is unsuccessful in regards to his exhaustion argument,[10] the deemed admissions will squarely impact the presentation of the merits of this case. For example, the admissions would all but establish plaintiff's prima facie case of disability discrimination and failure to accommodate plaintiff's disability. Under such circumstances, the undersigned finds that the first prong of Rule 36's test for relief from deemed admissions has been satisfied.

As to the second prong of the inquiry, the undersigned concludes that plaintiff has not met her burden to demonstrate that she would be prejudiced *at trial* if the admissions were withdrawn. In regards to prejudice, "district courts should focus on the prejudice that the nonmoving party would suffer at trial." Conlon, 474 F.3d at 624. In Hadley v. United States, 45 F.3d 1345 (9th Cir. 1995), the Ninth Circuit Court of Appeals explained that "[t]he prejudice contemplated by Rule 36(b) is not simply that the party who obtained the admission will now have to convince the factfinder of its truth. Rather, it relates to the difficulty a party may face in proving its case, e.g., caused by the unavailability of key witnesses, because of the sudden need to obtain evidence with respect to the questions previously deemed admitted." Id. at 1348 (citation and quotation marks omitted).

Plaintiff makes two arguments regarding prejudice. First, she contends that she will be prejudiced because she relied on the deemed admissions to prove her case. Such an argument is plainly foreclosed by Conlon and Hadley. In a related second argument, plaintiff contends that she will be prejudiced if relief is granted because she refrained from conducting additional discovery in this case in reliance on defendant's prolonged failure to respond to the requests for admission. Although a closer call, this argument is also not a proper basis for finding prejudice. See Conlon, 474 F.3d at 624. In any event, the undersigned will mitigate any potential prejudice in this regard by granting plaintiff additional time to conduct discovery in this

---

[10] Defendant's argument regarding plaintiff's exhaustion of administrative remedies was previously unsuccessful when made at the pleading stage of this case. (See Order, June 14, 2011, at 10-11, Dkt. No. 21.)

case that she previously refrained from conducting in reliance on the deemed admissions. Such additional discovery will permit plaintiff to oppose defendant's motion for summary judgment with the discovery to which plaintiff is entitled, and will also permit plaintiff to adequately prepare for any trial in this case.

In short, defendant's discovery conduct in this case has been far less than ideal, and plaintiff's frustration is in large part justified. However, under the applicable standards, relief from the deemed admissions is warranted and, accordingly, the undersigned grants defendant's motion to withdraw the admissions to the requests for admission numbered 1, 2, 3, 4, 7, 12, and 13. Defendant's amended responses filed with his motion shall serve as defendant's operative responses to plaintiff's first set of requests for admission. (See Def.'s Mot. to Withdraw Admissions, Ex. 1).

IV.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Defendant's motion to withdraw admissions (Dkt. No. 52) is granted.

2. Defendant's deemed admissions to plaintiff's requests for admission numbered 1, 2, 3, 4, 7, 12, and 13 are withdrawn. Defendant's amended responses to plaintiff's first set of requests for admission that were filed with the court on September 30, 2011, shall serve as defendant's operative responses to plaintiff's first set of requests for admission. (See Def.'s Mot. to Withdraw Admissions, Ex. 1). If not already done, defendant shall separately serve the amended responses on plaintiff *within three days* of the date of this order.

3. Within 14 days of the date of this order, plaintiff shall file a brief status report with the court that addresses topics including:

(a) Whether plaintiff wishes to conduct any additional discovery as a result of her reliance on defendant's deemed admissions, including a specific list of types of discovery that plaintiff would like to conduct (e.g., additional depositions, additional document requests, etc.); and

    (b)  Whether plaintiff wishes to file any motions to compel discovery responses to discovery already served in this case, including a specific list of the discovery requests that would be the subject of any such motions to compel.

    4.  The court will modify the scheduling order in this case after plaintiff files her status report.

    IT IS SO ORDERED.

DATED: October 31, 2011

                _____
                KENDALL J. NEWMAN
                UNITED STATES MAGISTRATE JUDGE