IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DEIDRA A. LINTZ,

    Plaintiff,                        No. 2:09-cv-01907 GEB KJN PS

    v.

JOHN E. POTTER, POSTMASTER
GENERAL, U.S. POSTAL SERVICE,

    Defendant.                  <u>ORDER</u>
_____/

        Presently before the court is defendant's motion to amend the scheduling order in this case to permit defendant to file a revised motion for summary judgment on or before December 30, 2011, in light of discovery disclosures and productions made by plaintiff after the close of discovery and after defendant filed its motion for summary judgment (Dkt. No. 67).[1] The undersigned finds that good cause supports granting defendant's motion and modifying the briefing schedule pertaining to defendant's motion for summary judgment.[2]

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

[2] In her opposition brief, plaintiff raises a number of collateral complaints regarding defendant's conduct during the discovery process in this case. The undersigned need not resolve these complaints in this order because they are not squarely addressed to the question of good cause to modify the scheduling order in this case.

This case has what can only be described as a tortured history. The undersigned has spilled far too much ink in this case resolving the parties' disputes, most of which were avoidable or could have been resolved by reasonable stipulations. Accordingly, the undersigned specifically focuses on whether good cause supports modification of the scheduling order. See Fed. R. Civ. P. 16(b)(4); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609-10 (9th Cir. 1992).

The Status (Pretrial Scheduling) Order in this case requires that all non-discovery motions be heard no later than November 3, 2011. (Status (Pretrial Scheduling) Order at 3, Dkt. No. 30.) Defendant filed a timely motion for summary judgment on October 6, 2011, and noticed that motion for a hearing to take place on November 3, 2011 (Dkt. No. 54). Because of outstanding disputes and requests for extensions of time, the briefing schedule governing defendant's motion was modified such that plaintiff was required to file a written opposition or statement of non-opposition to defendant's motion on or before January 12, 2011, and the hearing was continued until February 2, 2012.[3] (See Order, Nov. 16, 2011, Dkt. No. 66.) This briefing schedule was set on the basis of plaintiff's representation that she did not wish to conduct any more discovery in this case, and to provide plaintiff with ample time to oppose the motion for summary judgment.

Meanwhile, and despite plaintiff's representations that she had concluded discovery in this case, plaintiff continued to conduct discovery. Defendant's declarations substantiate that plaintiff produced additional discovery or witness disclosures on October 28, 2011, November 2, 2011, and December 2, 2011. (See Gordon Decl., Nov. 23, 2011, Dkt. No. 67, Doc. No. 67-1; Gordon Decl., Dec. 13, 2011, Dkt. No. 69, Doc. No. 69-1.) Moreover, defendant credibly contends that the witness disclosure and at least some of the newly disclosed

---

[3] Because of the numerous disputes and delays in this case, the undersigned vacated the final pretrial conference and trial date in this case, to be reset at a later time. (Order, Oct. 19, 2011, at 4, Dkt. No. 59.)

documents materially impact defendant's motion for summary judgment.

The undersigned concludes that defendant has shown good cause to modify the scheduling order in this case. Defendant has made a sufficient showing that plaintiff's late-produced discovery materially impacts defendant's earlier-filed motion for summary judgment. Defendant timely sought modification of the scheduling order as a result of the new information and documents disclosed by plaintiff. Finally, plaintiff will suffer no prejudice if defendant is permitted to file a revised motion for summary judgment because: (1) plaintiff has not yet filed a substantive opposition to defendant's motion; (2) plaintiff will be granted ample time to oppose defendant's motion; and (3) the hearing on defendant's motion for summary judgment will only be further continued by two weeks.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to amend the scheduling order (Dkt. No. 67) is granted.

2. Defendant's motion for summary judgment filed on October 6, 2011 (Dkt. No. 54) is withdrawn.

3. Defendant shall file a revised motion for summary judgment, if any, no later than December 30, 2011.

4. Plaintiff shall file an opposition or statement of non-opposition to defendant's motion for summary judgment on or before January 26, 2012. Plaintiff is reminded that her opposition must comply with, among other things, Local Rule 260.

5. Defendant may file a reply brief on or before February 2, 2012.

////
////
////
////
////

6. A hearing on defendant's motion for summary judgment shall be held on February 16, 2012, at 10:00 a.m., in Courtroom 25. The previously scheduled hearing on defendant's motion for summary judgment, which is set for February 2, 2012, is vacated.

IT IS SO ORDERED.

DATED: December 19, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE