IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Deidra A. Lintz,<br><br>        Plaintiff,<br><br>   v.<br><br>John E. Potter, United States Postal Service,<br><br>        Defendants. | 2:09-cv-1907-GEB-KJN<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR RELIEF AND FOR LEAVE TO AMEND |

        Plaintiff, appearing pro se, moves under Federal Rule of Civil Procedure ("Rule") 60(a) and 60(b) for relief from the order adopting in full the magistrate judge's findings and recommendations, which granted Defendant's motion for summary judgment. (Pl.'s Mot. for Relief from Judgment ("Pl.'s Mot. for Relief"), ECF No. 99; see Order, ECF No. 86, adopting Findings & Recomm., ECF No. 78.) Defendant opposes the Rule 60 motion.[1] (Def.'s Opp'n 6:18–19, ECF No. 100.) Plaintiff also moves for leave to amend various motions and docket entries. (Pl.'s Mot. for Leave to Amend, ECF No. 104.)

---

[1] Plaintiff objects to consideration of Defendant's opposition since it was filed one day late and under Rule 6 "[a] court must not extend the time to act under Rule[] . . . 60(b)." (ECF No. 102.) However, this inability to "extend time to act" refers to a court's ability to extend the time limit on a party's motion under Rule 60(b) rather than an opposition to a motion. See McKnight v. Neven, 366 Fed. App'x 841, 843 (9th Cir. 2010) ("[D]istrict court did not err in concluding that it lacked discretion to bend the one-year limit to treat [the plaintiff]'s motion as timely." (emphasis added)). Therefore, Defendant's opposition is considered.

1

It appears that Plaintiff moves for relief under Rule 60(a), which prescribes, "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record." Blanton v. Anzalone, 813 F.2d 1574, 1577 (9th Cir. 1987) (citing In re Jee, 799 F.2d 532, 535 (9th Cir. 1986)). Plaintiff indicates she seeks Rule 60(a) relief for one of the following reasons: (1) she herself made a mistake in her Motion to Alter or Amend the Judgment; (2) Magistrate Judge Newman considered the incorrect statutory provisions in ruling on Defendant's summary judgment motion; (3) a docketing error occurred in the title of a document she filed after the summary judgment ruling issued; or (4) that her motion for judgment on the pleadings was not considered prior to entry in favor of Defendant on its summary judgment motion. (Pl.'s Mot. for Relief, 1:21-2:8, 6:1-18.) Defendant rejoins that "rather than simply pointing out a clerical mistake which needs to be corrected, Plaintiff apparently seeks to have the Judgment vacated." (Def.'s Opp'n 4:11-12.) Plaintiff's arguments do not demonstrate that "what is written or recorded [in the court's judgment] is not what the court intended to write or record." Blanton, 813 F.2d at 1577. Therefore, Plaintiff's motion for relief under Rule 60(a) is denied.

Plaintiff also moves for relief under Rule 60(b)(1). "Rule 60(b)(1) of Civil Procedure provides that a court may relieve a party or a party's legal representative from a final judgment on the basis of mistake, inadvertence, surprise, or excusable neglect." Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000). Plaintiff argues that a hearing on her motion to amend the judgment, (ECF No. 88), "was

2

vacated due to Plaintiff['s] mistake by requesting of dismissal in prayer request. . . . Plaintiff requests the court to review her [Rule] 59(e) motion under her excusable mistake of requesting dismissal instead of a new trial under the proper controlling law of 791(b), and 794." (Pl.'s Mot. for Relief 1:23, 1:25-2:1.) Defendant counters that "the applicable law was carefully examined by the [magistrate judge]" and nothing "cited by Plaintiff in her brief constitute[s] an 'intervening change in the law since the Judgment was entered." (Def.'s Opp'n 5:1-2.)

Here, Plaintiff reargues her opposition to Defendant's summary judgment motion but has not shown that she is entitled to have "a 'second bite at the apple' under Rule 60(b)(1)." In re Exodus Commc'ns, Inc. Sec. Litig., No. C-01-2661 MMC, 2006 WL 3050829, at *2 (N.D. Cal. Oct. 26, 2006). Plaintiff has not shown "mistake, inadvertence, surprise, or excusable neglect" that would entitle her to relief under Rule 60(b)(1). Therefore, Plaintiff's motion for relief under Rule 60(b)(1) is denied.

Plaintiff also moves for relief under Rule 60(b)(2). Under Rule 60(b)(2), "the movant must show the [newly discovered] evidence (1) existed at the time of trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990) (per curiam) (quoting Coastal Transfer Co. v. Toyota Motor Sales, U.S.A., 833 F.2d 208, 211-12 (9th Cir. 1987)). Plaintiff argues that a Merit System Protection Board ("MSPB") decision, James C. Latham v. U.S. Postal Service, constitutes "newly discovered evidence" sufficient to justify relief under Rule 60(b)(2). Defendant counters that "[t]his decision was rendered months before the ruling on Defendant's Motion for Summary

3

Judgment, and cannot constitute newly discovered evidence." (Def.'s Opp'n 5:14-16.)

The MSPB decision issued on February 24, 2012, Judge Newman's Findings and Recommendations were filed July 23, 2012, and Plaintiff's objections to the Findings and Recommendations were filed August 21, 2012. Plaintiff has not shown that "th[is] evidence . . . could not have been discovered through due diligence" prior to the filing of either the Findings and Recommendations or her own objections. Jones, 921 F.2d at 878. Therefore, Plaintiff's motion for relief under Rule 60(b)(2) is denied.

Plaintiff also moves for relief under Rule 60(b)(3). "'To prevail [on a Rule 60(b)(3) motion], the moving party must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and the conduct complained of prevented the losing party from fully and fairly presenting the defense.'" Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004) (quoting DeSaracho v. Custom Food Machinery, Inc., 206 F.3d 874, 880 (9th Cir. 2000)). Plaintiff argues under Rule 60(b)(3): (1) "during the hearing for Summary Judgment [Plaintiff] made attempt to alert the court concerning Plaintiff['s] allegations of fraud and pleading outside of the complaint," (Pl.'s Mot. for Relief 6:8-10); and (2) "the court failed to rule on Plaintiff's motion which clearly alleged fraud on the court," (id. 6:16-17). Plaintiff also argues that she is entitled to relief since Defendant engaged in misconduct or misrepresentation as follows: (1) "Defendant purposefully submitted hearsay affidavits in support to its Amended motion to Summary Judgment in its efforts to delay and mis-direct this court," (id. 7:2-3); (2) "Plaintiff waited for 9 months for Defendant to engage in discovery," (id. 7:3-4); (3)

4

"Defendant failed to comply with the court when compelled to provide Plaintiff with production of Documents set one." (Id. 7:4-5.) These unsupported arguments do not "'prove by clear and convincing evidence that the [judgment] was obtained through fraud, misrepresentation, or other misconduct.'" Casey, 362 F.3d at 1260 (quoting DeSaracho, 206 F.3d at 880). Therefore, Plaintiff's motion for relief under Rule 60(b)(3) is denied.

Plaintiff also moves for relief under Rule 60(b)(6). "To receive relief under Rule 60(b)(6), a party must demonstrate 'extraordinary circumstances which prevented or rendered h[er] unable to prosecute [her] [case].'" Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010) (third alteration in original) (quoting Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002)). Plaintiff argues that she was

> stopped by Magistrate Judge [Newman from] verbaliz[ing] her position regarding these matters [of Defendant's alleged misconduct] in the hearing for Summary Judgment. Disputes rests within that Hearing that the Magistrate did not look into Plaintiff's support to Opposition to [Summary Judgment]. Due to the court['s] failure to engage its inherent power to investigate and proffer a ruling in the above, Plaintiff has been prejudiced and has been unable to support her case . . . .

(Pl.'s Mot. for Relief 7:8-12.) Defendant rejoins that "[t]hese complaints are not timely made, have no merit, and in any event do not meet the standard required for relief from the judgment under Rule 60(b)([6])." (Def.'s Opp'n 6:11-12.) Plaintiff's arguments are insufficient to demonstrate the "'extraordinary circumstances'" that are required for a grant of relief under Rule 60(b)(6). Lal, 610 F.3d at 524 (quoting Tani, 282 F.3d at 1168). Therefore, Plaintiff's motion for relief under Rule 60(b)(6) is denied.

Further, since Plaintiff's motion for leave to amend does not address a pleading, it is denied. (<u>See</u> Fed. R. Civ. P. 15 (addressing amendments to pleadings rather than briefs or other documents filed on the docket).)

For the stated reasons, Plaintiff's motions are denied.

Dated:  September 5, 2013

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge